UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHOENIX BULK CARRIERS (US), LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 20-cv-_____ |
| v. | § § | ADMIRALTY RULE 9(h) |
| CAL-IXA AGGREGATES LLC, d/b/a CAL-IXA AGGREGATES | § § § § | |
| Defendant. | § § | |

## VERIFIED COMPLAINT

Plaintiff PHOENIX BULK CARRIERS (US), LLC, ("PBC" or "Plaintiff") files this Verified Complaint against Defendant CAL-IXA AGGREGATES LLC ("Cal-Ixa" or "Defendant") and alleges as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1333.

2. Plaintiff is a business entity duly organized under the laws of Delaware and registered to do business in Rhode Island. Plaintiff is the disponent owner of the vessel BULK FREEDOM (IMO No. 9317092) (the "Vessel').

3. Upon information and belief, Defendant Cal-Ixa is a business entity organized under the laws of the United States of America, with a principal place of business in Houston, TX.

1

4. On or about August 27, 2019, Plaintiff and Defendant entered into a voyage charter party for the Vessel, a true and accurate copy of which is submitted herewith as Exhibit A and made a part hereof ("Charter Party").

5. Pursuant to the terms of the Charter Party, Cal-Ixa agreed to pay PBC freight at a rate of $11.25 per metric ton for the transport of the cargo from "1 SP, 1SB Veracruz, Mexico […]" to "1sp, 1sb, Houston […] or Corpus Christi or Galveston, USA, or any other in the same distance on the Gulf of Mexico, CHOPT". Exhibit A at Part I, Box 10, 11 and 13.

6. Pursuant to the terms of the Charter Party, Cal-Ixa agreed to pay for delays at the loading and/or discharge ports known in the industry as demurrage. Essentially, Cal-Ixa, the charterers of the Vessel, agreed to pay for liquidated damages for times when the Vessel was delayed beyond the contractually agreed laytime at the respective port. The applicable demurrage rate was as agreed to be $15,000 per day pro rata. Exhibit A at Part I, Box 20 and Part II, Clause 7.

7. Laytime was exceeded at the port of loading as well as the port of discharge and Cal-Ixa owes demurrage to PBC.

8. Cal-Ixa has failed to make outstanding payment in the amount of $120,000.00 for freight and/or demurrage as per the Plaintiff's invoices, constituting a breach of the Charter Party. A true and accurate copy of the final invoice is submitted herewith as Exhibit B and made part hereof.

9. Cal-Ixa has admitted that it owes Plaintiff herein and has agreed to pay the outstanding amount, as shown in correspondence dated September 27 and

December 5-6, 2019, a true and accurate copy of which is submitted herewith as Exhibit C and made a part hereof.

10. The "Additional Clauses" to the Charter Party provide that all disputes between the parties shall be submitted to a three-person arbitration panel in London, England with English law to apply and the terms of the London Maritime Arbitrators Association to apply to the proceeding ("LMAA Terms"). Exhibit A at Clause 32 of the Additional Clauses and Part I, Box 25.

11. Pursuant to LMAA Terms as well as English law costs and attorney fees are routinely awarded to the prevailing party in an action.

12. As of June 29, 2020, Plaintiff's principal claim is as follows:

| | |
|---|---|
| Freight and demurrage claims: | $120,000.00 |
| Estimated attorney fees/expenses: | $125,000.00 |
| Total: | $245,000.00 |

See Exhibit B.

13. Cal-Ixa cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

14. To the extent Cal-Ixa may be found in an adjacent district such as the Southern District of Texas, Cal-Ixa cannot invoke equitable grounds for vacatur as it has repeatedly promised payment and sent "payment confirmations" to Plaintiff that turned out to be false. Indeed, Cal-Ixa provided a check to Plaintiff for $120,000 and the check bounced. Cal-Ixa has unclean hands. See communications between the parties submitted in Exhibit C.

15. Upon information and belief, Cal-Ixa has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to Defendant.

16. Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching, *inter alia*, any assets of Cal-Ixa held by any garnishees within this District for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims, as described above.

WHEREFORE, Plaintiff prays for the following:

(A)  That process in due form of law issue against Defendant, Cal-Ixa, citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint, failing which default judgment be entered against it in the sum of $245,000.00;

(B)  That since Defendant, Cal-Ixa, cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of $245,000.00, belonging to, due or being transferred to, from or for the benefit of Cal-Ixa, including, but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain

        Admiralty and Maritime Claims of the Federal Rules of Civil Procedure answer the matters alleged in this Verified Complaint;

(C)     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

(D)     That this Court recognize and confirm any judgment(s) rendered on the claims against Cal-Ixa set forth herein as a judgment of this Court;

(E)     That this Court award Plaintiff the attorney fees and costs incurred in this action; and

(F)     For such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

Dated:       July 14, 2020
             Dallas, Texas

                                          Respectfully submitted,

                                    By:   /s/ Michael Elliott
                                          _____

                                          **Elliott Sauter, PLLC**

                                          Michael Elliott
                                          State Bar No. 24086916
                                          michael@elliottsauter.com
                                          Jordan Rose
                                          State Bar No. 24093069
                                          jordan@elliottsauter.com
                                          7557 Rambler Road, Suite 525
                                          Dallas, Texas 75231
                                          (469) 758 – 4150
                                          (469) 758 – 4160 (Facsimile)

                                          **ATTORNEYS FOR PLAINTIFF,
                                          PHOENIX BULK CARRIERS (US),
                                          LLC**

**PRO HAC VICE ATTORNEYS
FOR PLAINTIFF:**

**Floyd Zadkovich (US) LLP**

Edward W. Floyd \*
ed.floyd@floydzad.com
Luke F. Zadkovich\*
luke.zadkovich@floydzad.com
Telephone: (917) 999 - 6914
215 Park Ave. South, 11th Floor
New York, New York 10003

*\*Application for Pro Hac Vice admission forthcoming*

## VERIFICATION
## DECLARATION OF SAM SIRRICO

Pursuant to 28 U.S.C. §1746, this Declaration is executed by Sam Sirrico, Vice President of Operations for Plaintiff:

I, Sam Sirrico, declare under penalty of perjury:

1. My name is Sam Sirrico.

2. I am over eighteen years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am the Vice President of Operations for Plaintiff and am duly authorized to make this Declaration on Plaintiff's behalf.

4. I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

5. The source of my information is documents, records, and other information reviewed by me, together with my knowledge and experience regarding the matters addressed by the Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: July 9, 2020
	Newport, Rhode Island

_____
Sam Sirrico